IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES E. ABEL, et al.          :          CIVIL ACTION
                               :
          v.                   :
                               :
DOODAUTH A. KIRBARAN, et al.   :          NO. 05-1560


MEMORANDUM

Bartle, C.J.                                   May 11, 2006

          Plaintiff James E. Abel ("Abel") has sued defendants
Doodauth A. Kirbaran ("Kirbaran"), Mitchell Ross ("Ross") and MR
Cars, Inc. ("MR Cars") in this diversity action for personal
injuries arising out of an automobile accident.  Before the court
is the motion of defendants Ross and MR Cars for summary
judgment.

          On April 7, 2003, Abel and Kirbaran were involved in an
automobile accident on Interstate 95 in Philadelphia.  In
addition to suing Kirbaran for negligence and loss of consortium,
Abel and his wife, Mary Beth Abel, seek to hold defendants Ross
and MR Cars vicariously liable for the actions of Kirbaran as the
owners of the vehicle Kirbaran was driving.  Under Rule 56(c) of
the Federal Rules of Civil Procedure, we may grant summary
judgment only if there is no genuine issue as to any material
fact and the moving party is entitled to judgment as a matter of
law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

It is undisputed that Ross is an owner and corporate officer of MR Cars, a company engaged in the business of selling used cars.  The company purchases used cars primarily from dealer owned outlet auctions and has them transported to its lot in Tennessee where they are held for resale.  Sometime prior to April 7, 2003 Ross purchased, on behalf of MR Cars, a 1992 Dodge Caravan through the internet from an auto auction in Maryland. He hired an individual, Francisco Belez, to drive the van from Maryland to New York so it could be shipped to Tennessee.

At the time of the accident with Abel, Kirbaran was driving the van.  Ross did not know Kirbaran.  He did not give Belez authority to allow anyone else to drive the van, and there is no evidence that any other representative of MR Cars granted Belez such authority.  It is unknown how Kirbaran came into possession of the vehicle, for neither he nor Belez can now be located.

Ross seeks dismissal as a defendant for lack of personal jurisdiction.  Pennsylvania's long-arm statute authorizes Pennsylvania courts to exercise personal jurisdiction to the "fullest extent allowed under the Constitution of the United States."  42 PA. CONS. STAT. ANN. § 5322(b).  Due process requires that the defendant have "minimum contacts" in the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  "[I]t is essential ... that there be some act by which the defendant

-2-

personally avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citation omitted).

A court may exercise either general or specific jurisdiction over a defendant. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). General jurisdiction applies when the cause of action does not arise out of and is not related to the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984). "[T]he plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction. The nonresident's contacts to the forum must be continuous and substantial." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). Specific jurisdiction is proper when the "cause of action arises out of [the] defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Remick, 238 F.3d at 255; see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Where the defendant has raised a jurisdictional defense, the plaintiff bears the burden of establishing, through sworn affidavits or other competent evidence, that either general or specific jurisdiction can be exercised. Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros. Inc., 983 F.2d 551, 554 (3d Cir. 1993); Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

-3-

Ross resides and works in Tennessee.  Plaintiffs have not come forward with evidence that Ross has had continuous and substantial contact with Pennsylvania such that general jurisdiction may be exercised.  <u>Provident</u>, 819 F.2d at 437.  Further, specific jurisdiction may not be exercised because the accident did not arise out of a Pennsylvania related activity of Ross, such that he should anticipate being haled into court.  <u>Remick</u>, 238 F.3d at 255; <u>see also</u> <u>World-Wide Volkswagen</u>, 444 U.S. at 297.  Ross did not drive the car through Pennsylvania and did not direct that it be driven through Pennsylvania.  He did not purchase it from an auction in Pennsylvania, and it was not being delivered here.  Thus, we will dismiss Ross as a defendant for lack of personal jurisdiction.

MR Cars contends that it cannot be held vicariously liable for the actions of Kirbaran because there is no proof he was acting as its servant.  <u>Valles v. Albert Einstein Med. Ctr.</u>, 805 A.2d 1232, 1237 (Pa. 2002); <u>Leonard v. Commw. of Pa.</u>, 771 A.2d 1238, 1240 (Pa. 2001); <u>Smalich v. Westfall</u>, 269 A.2d 476, 480-81 (Pa. 1970); Restatement (Second) of Agency §§ 1 and 2.  We agree.  There is no evidence that Ross or any representative of MR Cars authorized or consented to Kirbaran driving the van to New York.  As noted above, Ross did not know Kirbaran.  Even assuming that MR Cars would be liable for any accident caused by Belez, it does not follow that MR Cars would be responsible for any accident caused by Kirbaran.  Mere ownership of a vehicle is insufficient to impose liability for its negligent operation by

-4-

another.  <u>Double v. Myers</u>, 157 A. 610, 611 (1931); <u>see also</u>
<u>Smalich</u>, 269 A.2d at 480.  The record is barren as to how and
under what circumstances Kirbaran came into possession of the
van.  For all that is known, it could have been stolen.
Plaintiffs cannot successfully defend against a summary judgment
motion based on mere speculation.  <u>Lujan v. Nat'l Wildlife Fed'n</u>,
497 U.S. 871, 888 (1990).

 Under the circumstances, MR Cars cannot be held
vicariously liable for the actions of Kirbaran.  Thus, summary
judgment will be granted in favor of MR Cars and against
plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES E. ABEL, et al.          :          CIVIL ACTION
                               :
          v.                   :
                               :
DOODAUTH A. KIRBARAN, et al.   :          NO. 05-1560

ORDER

          AND NOW, this 11th day of May, 2006, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

          (1)  the motion of defendant Mitchell Ross to dismiss
this action for lack of personal jurisdiction is GRANTED;

          (2)  the motion of defendant MR Cars, Inc. for summary
judgment is GRANTED; and

          (3)  judgment is entered in favor of defendant MR Cars,
Inc. and against plaintiffs James E. Abel and Mary Beth Abel.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                               C.J.